1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7   CONNIE R. AVERSON,

8                          Plaintiff,              NO:  2:14-CV-0009-TOR

9          v.                                      ORDER GRANTING DEFENDANT'S
                                                   MOTION FOR SUMMARY
10  CAROLYN COLVIN, Acting                         JUDGMENT
    Commissioner of Social Security
11  Administration,

12                         Defendant.

13

14        BEFORE THE COURT are the parties' cross-motions for summary

15  judgment (ECF Nos. 13 and 14).  Plaintiff is represented by Lora Lee Stover.

16  Defendant is represented by Erin F. Highland.  The Court has reviewed the

17  administrative record and the parties' completed briefing and is fully informed.

18  For the reasons discussed below, the Court grants Defendant's motion and denies

19  Plaintiff's motion.

20  //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.*, at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If the analysis proceeds to step five, the burden shifts to the Commissioner to

1    establish that (1) the claimant is capable of performing other work; and (2) such

2    work "exists in significant numbers in the national economy."  20 C.F.R.

3    § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

5    Plaintiff applied for supplemental security income benefits on November 4,

6    2010, alleging an onset date of January 1, 2007.  Tr. 211-17.  Her claims were

7    denied initially and on reconsideration, Tr. 154-57, 160-61, and Plaintiff requested

8    a hearing.  Tr. 163-65.  Plaintiff appeared for a hearing before an administrative

9    law judge on April 20, 2012.  Tr. 72-109.  The ALJ issued a decision on June 28,

10    2012, finding that Plaintiff was not disabled under the Act.  Tr. 19-37.

11    At step one, the ALJ found that Plaintiff had not engaged in substantial

12    gainful activity since November 4, 2010, her application date.  Tr. 24.  At step two,

13    the ALJ found that Plaintiff had the following severe impairments: history of right

14    hip labral tear status post debridement in June 2007, with trochanteric bursitis;

15    mild lumbar degenerative joint disease; asthma with allergic rhinitis and history of

16    sinusitis; fibromyalgia; and adjustment disorder with mixed anxiety and depressed

17    mood.  Tr. 24.  At step three, the ALJ found that these impairments did not meet or

18    medically equal a listed impairment.  Tr. 24-26.  The ALJ then determined that

19    Plaintiff had the RFC to

20    perform light work as defined in 20 CFR 416.967(b) except the
     claimant would need the opportunity ever hour to stand for one to two

minutes. The claimant would not be able to climb ladders, ropes or scaffolds and she could occasionally climb stairs and ramps. She could occasionally balance, stoop, kneel, crouch, and crawl. The claimant should avoid concentrated exposure to extreme cold, heat, humidity, and vibrations. She should avoid even moderate exposure to dust, fumes, odors, gases, and pulmonary irritants. The claimant is capable of semi-skilled tasks (no more than SVP 4). She can have occasional contact with the general public.

Tr. 26.  At step four, the ALJ found Plaintiff capable of performing past relevant work as a deliverer.  Tr. 31.  Alternatively, at step five, after considering the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy in representative occupations such as document preparer, general office clerk, and receptionist.  Tr. 32-33.  Thus, the ALJ concluded that Plaintiff was not disabled and denied her claim on that basis.  Tr. 33.

The Appeals Council denied Plaintiff's request for review on November 8, 2013, Tr. 1-7, making the ALJ's decision the Commissioner's final decision that is subject to judicial review.  42 U.S.C. §§ 405(g), 1383(c)(3);  20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income under Title XVI of the Social Security Act.  ECF No. 13 at 9.  From Plaintiff's brief, the Court has discerned five issues for review:

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 7

1.  Whether the ALJ erred in assessing Plaintiff's credibility;

2.  Whether the ALJ erred in rejecting the opinions of Ms. Taylor and Ms. McClain;

3.  Whether the ALJ failed to pose a legally sufficient hypothetical question to the vocational expert;

4.  Whether the ALJ's RFC finding was flawed; and

5.  Whether new and material evidence, submitted for the first time to the Appeals Council, provides support for reversal of the ALJ's decision.

*Id.* at 8-9.

## DISCUSSION

**A. Adverse Credibility Finding**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 416.908; 416.927. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms

"cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Plaintiff contends the ALJ improperly discredited her credibility. ECF No. 13 at 13-16. This Court finds the ALJ provided specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective

statements.  The ALJ based her adverse credibility finding on the following:
Plaintiff's statements concerning the severity of her symptoms and limitations
were inconsistent with both the objective medical evidence and Plaintiff's daily
activities.  Tr. 27-30.

First, the ALJ found that Plaintiff's statements concerning the severity of her
symptoms and limitations were inconsistent with the objective medical evidence.
Tr. 27-28.  Although Plaintiff testified to disabling hip pain, the objective medical
evidence demonstrated negative x-rays and MRIs, good to excellent range of
motion in both hips despite a labral tear in the right hip, and Plaintiff's ability to
help herself up and down from the exam table.  Tr. 26-28, 405-07, 410, 492.
Further, despite Plaintiff's complaints of numbness in her lower extremities,
allegedly made worse by sitting, standing, walking, lifting, bending, and twisting,
her physical examination was normal.  Tr. 26-28, 490-91.  These inconsistencies
between Plaintiff's alleged limitations and objective medical evidence provided a
permissible and legitimate reason for discounting Plaintiff's credibility.  *Thomas*,
278 F.3d at 958.

Second, the ALJ found Plaintiff's description of her daily activities
inconsistent with the disabling symptoms and limitations alleged.  Tr. 29-30.  The
ALJ exhaustively recounted Plaintiff's activities of daily living, which were
inconsistent with her claim of total disability.  Tr. 29-30.  Her activities included

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 10

1    helping her son get ready for school and preparing his lunch, preparing her meals,

2    performing chores, driving, grocery shopping, paying the bills, keeping

3    appointments, occasionally visiting with her mother, and preparing dinners.  *Id*.

4    These inconsistencies between Plaintiff's alleged limitations and her full array of

5    daily activities provided a permissible and legitimate reason for discounting

6    Plaintiff's credibility.  *Thomas*, 278 F.3d at 958.  Thus, the ALJ did not err in

7    discounting Plaintiff's credibility.

8        **B. Opinion Evidence**

9        There are three types of physicians: "(1) those who treat the claimant

10    (treating physicians); (2) those who examine but do not treat the claimant

11    (examining physicians); and (3) those who neither examine nor treat the claimant

12    [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

13    *Holohan*, 246 F.3d at 1201-02 (citations omitted).  Generally, a treating

14    physician's opinion carries more weight than an examining physician's, and an

15    examining physician's opinion carries more weight than a reviewing physician's.

16    *Id.*  In addition, the regulations give more weight to opinions that are explained

17    than to those that are not, and to the opinions of specialists concerning matters

18    relating to their specialty over that of nonspecialists.  *Id.* (citations omitted).  A

19    physician's opinion may be entitled to little if any weight, when it is an opinion on

20

a matter not related to her or his area of specialization.  *Id.* at 1203, n.2 (citation

omitted).

A treating physician's opinions are entitled to substantial weight in social

security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

(9th Cir.2009).  If a treating or examining physician's opinion is uncontradicted, an

ALJ may reject it only by offering "clear and convincing reasons that are supported

by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.

2005).  "However, the ALJ need not accept the opinion of any physician, including

a treating physician, if that opinion is brief, conclusory and inadequately supported

by clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  "If

a treating or examining doctor's opinion is contradicted by another doctor's

opinion, an ALJ may only reject it by providing specific and legitimate reasons

that are supported by substantial evidence."  *Bayliss*, 427 F.3d at 1216 (citing

*Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).  An ALJ may also reject a

treating physician's opinion which is "based to a large extent on a claimant's self-

reports that have been properly discounted as incredible."  *Tommasetti*, 533 F.3d at

1041 (internal quotation and citation omitted).

### 1. <u>Lori Taylor</u>

Plaintiff first contends the ALJ erred by failing to give proper weight to the

opinion of Lori Taylor, ARNP.  ECF No. 13 at 11-12.  Specifically, Plaintiff points

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 12

to Ms. Taylor's December 2010 evaluation in which she opined Plaintiff was

unable to engage in work in excess of ten hours per week. *Id.*; Tr. 306-07.

   To reject testimony of medically acceptable treating sources, an ALJ must

provide specific, legitimate reasons based on substantial evidence. *Molina*, 674

F.3d at 1111. However, only licensed physicians and other qualified specialists are

considered "acceptable medical sources" under the Commissioner's regulations.

*Id.*; 20 C.F.R. §§ 404.1513(d); 416.913(d). As an advanced registered nurse

practitioner, Ms. Taylor is not an "acceptable medical source" and is thus not

entitled to the same deference. SSR 06-03p, 2006 WL 2329939 at *2 (nurse

practitioners and physician assistants are not "acceptable medical sources");

*Molina*, 674 F.3d at 1111. Instead, Ms. Taylor qualifies as an "other source" as

defined in Sections 404.1513(d) and 416.913(d). *Molina*, 674 F.3d at 1111.

Because Ms. Taylor is an "other source" whose opinion about the nature and

severity of Plaintiff's impairments is not entitled to controlling weight, the ALJ

need only have provided "germane reasons" for rejecting her opinion. SSR 06-

03p, 2006 WL 2329939 at *2; *Molina*, 674 F.3d at 1111.

   The ALJ provided a germane reason for rejecting Ms. Taylor's opinion. The

ALJ noted that Ms. Taylor's opinion regarding Plaintiff's work limitations was not

supported by the evidence presented in her evaluation report. Tr. 30-31. In this

report, Ms. Taylor recorded no range of motion limitations, no deficits in sensation

or motor function, and only four fibromyalgia tender points.  Tr. 308-309; *see*

*Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001) (noting a diagnosis of

fibromyalgia generally requires, among other symptoms, stiffness and pain in at

least eleven out of eighteen "tender points" on the body) (citation omitted).  Thus,

Ms. Taylor's own reports did not support her opinion regarding Plaintiff's work

limitations.  Accordingly, the ALJ provided a germane reason for affording Ms.

Taylor's "other source" opinion little weight.

## 2. **Linda McClain**

Plaintiff also contends the ALJ erred by failing to give proper weight to the

opinion of Linda McClain, MSW, Executive Director of Coalition of Responsible

Disabled.  ECF No. 13 at 12.  Specifically, Plaintiff points to Ms. McClain's

observations of Plaintiff's physical limitations as observed during Plaintiff's

internship.  *Id.*; Tr. 301-02.

Like Ms. Taylor, Ms. McClain is not an "acceptable medical source."  SSR

06-03p, 2006 WL 2329939 at *2.  Instead, Ms. McClain qualifies as a "non-

medical source" as defined in Sections 404.1513(d) and 416.913(d) because her

opinion is merely based on her observations of Plaintiff during Plaintiff's work

internship program.  Tr. 301-02.  Because Ms. McClain is a "non-medical source"

whose opinion about the nature and severity of Plaintiff's impairments is not

entitled to controlling weight, the ALJ need only have provided "germane reasons"

for rejecting her opinion.  SSR 06-03p, 2006 WL 2329939 at *2; *Molina*, 674 F.3d

at 1111.

The ALJ provided germane reasons for rejecting Ms. McClain's opinion.

First, the ALJ noted Ms. McClain's opinion was not supported by the objective

medical evidence.  Tr. 30.  Ms. McClain opined Plaintiff could sit for no more than

one hour, quit working because personal frustration and pain caused anxiety, needs

to stretch for one to two minutes every hour, and could only work six hours per

week.  Tr. 301-02.  However, the ALJ noted the following:

> [T]he objective evidence of record showing generally normal range of
> motion in the lumbar spine and hip and no deficits in motor strength,
> sensory, or reflexes do not support the assertion that the claimant was
> only able to work for six hours per week.  In addition, the record does
> not establish the claimant's mental health impairments have been
> significant to prevent the claimant from persisting through a normal
> workday.

Tr. 30.

Second, the ALJ noted that Ms. McClain's opinion was inconsistent

with Plaintiff's daily activities.  Tr. 30.  As stated above, the ALJ found

Plaintiff's full array of daily activities inconsistent with the severity of

limitations alleged.  Similarly, the ALJ found these daily activities, which

suggested Plaintiff was more active and with fewer limitations than alleged,

inconsistent with Ms. McClain's recorded observations.  Tr. 30, 301-02.

1    Thus, the ALJ provided germane reasons for affording Ms. Taylor's opinion

2    little weight.

3        **C. Hypothetical Question Posed to Vocational Expert**

4            "Hypothetical questions posed to the vocational expert must set out *all* the

5    limitations and restrictions of the particular claimant…." *Embrey v. Bowen*, 849

6    F.2d 418, 422 (9th Cir. 1988).  "Unless the record indicates that the ALJ had

7    specific and legitimate reasons for disbelieving a claimant's testimony as to

8    subjective limitations such as pain, those limitations must be included in the

9    hypothetical in order for the vocational expert's testimony to have any evidentiary

10   value." *Embrey*, 849 F.2d at 423.  "If the assumptions in the hypothetical are not

11   supported by the record, the opinion of the vocational expert that claimant has a

12   residual working capacity has no evidentiary value." *Gallant v. Heckler,* 753 F.2d

13   1450, 1456 (9th Cir. 1984).

14           Plaintiff contends the ALJ's hypothetical question posed to the vocational

15   expert did not adequately express the full extent of her limitations. ECF No. 13 at

16   15-16.  Specifically, Plaintiff contends the question posed did not adequately

17   portray the Plaintiff's mental capacities, side-effects of medications, expected

18   absenteeism, or need to lie down during the course of an eight hour work day.  *Id.*

19           The Court disagrees.  First, the question posed *did* include Plaintiff's mental

20   limitations.  Specifically, the ALJ included the following mental limitations at the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 16

1    end of her hypothetical:

2        Could an individual with those [physical] limitations and then as well,
         due to anxiety and some affective symptomatology, and inability to
3        sustain concentration, persistence, and pace, to more than semi-skilled
         tasks that do not involve more than occasional contact with the
4        general public…perform the Claimant's past relevant work?

5    Tr. 99.  Second, the other excluded physical limitations were properly rejected by

6    the ALJ, both in her rejection of Plaintiff's credibility and source opinions.  Given

7    that the ALJ properly rejected this evidence, no error has been shown.

8        **D. RFC Determination**

9        Plaintiff also contends the ALJ's RFC finding was flawed.  ECF No.

10   13 at 9.  Specifically, Plaintiff contends the ALJ should have incorporated

11   the full extent of Plaintiff's limitations discussed in Plaintiff's testimony.  *Id.*

12   at 14-15. This argument is derivative of Plaintiffs' arguments concerning the

13   ALJ's rejection of her credibility and source opinions.  Given that the ALJ

14   properly rejected this evidence, no error has been shown.  *Batson v. Comm'r*

15   *Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (finding that it is

16   proper for the ALJ to give little evidentiary weight to discredited evidence

17   when determining the RFC finding).

18       **E. New and Material Evidence**

19       The Appeals Council will review an ALJ's decision when "the action,

20   findings or conclusions of the administrative law judge are not supported by

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 17

substantial evidence." 20 C.F.R. §§ 404.970(a), 416.1470(b).  When determining whether review is appropriate, the Appeals Council is required to consider "new and material evidence . . . only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. §§ 404.970(b), 416. 1470(b).  The Appeals Council "will then review the case if it finds that the administrative law judge's action, findings or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b), 416. 1470(b).

"[Federal courts] do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Instead, when the Appeals Council declines review, "'the ALJ's decision becomes the final decision of the Commissioner.'" *Id.* (citing *Taylor v. Comm'r Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011)).  "[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes*, 682 F.3d at 1159-60; *see also Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993).

1    Plaintiff contends the ALJ's ultimately non-disability finding is not

2    supported by substantial evidence of record.  ECF No. 13 at 9.  In support,

3    Plaintiff references opinion evidence from Dr. Eric Tubbs, which was added

4    to the record upon appeal to the Appeals Council.  *Id.* at 7; Tr. 6, 662-70.

5    Specifically, Plaintiff points to Dr. Tubbs' December 2011 examination in

6    which he opined Plaintiff could work a maximum of twenty hours per week

7    and lift or carry a maximum of ten pounds in light of Plaintiff's chronic right

8    hip pain and fibromyalgia.  ECF No. 13 at 7; Tr. 667-69.

9        Here, the Appeals Council considered the evaluation of Dr. Tubbs, in

10   addition to other additional evidence presented by Plaintiff, and found the

11   new evidence failed to serve as a basis for reversing the ALJ's decision.  Tr.

12   1, 6.  The Court agrees.

13       The ALJ's ultimate determination, even in light of this additional evidence,

14   is supported by substantial evidence.  The ALJ, in making her ultimate

15   nondisability finding, carefully considered the objective medical evidence, medical

16   opinions, and Plaintiff's subjective contentions when determining the degree of

17   Plaintiff's limitations.  Tr. 26-31.  Specifically regarding Plaintiff's right hip pain

18   and fibromyalgia, the ALJ considered these issues at step two and classified them

19   as severe impairments.  Tr. 24.  Ultimately, the ALJ incorporated the limitations

20   from these severe impairments, to the extent they were supported by the evidence,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 19

into the RFC finding.  Tr. 26-31, 125-131, 308-09, 405, 407, 471, 490-92, 578.

After weighing all the evidence, the ALJ ultimately concluded the RFC assessment

and nondisability finding were appropriate in light of the comprehensive medical

evaluations, objective medical evidence, and Plaintiff's substantiated contentions.

Tr. 26-31.  Thus, although Plaintiff claimed greater limitations, the evidence in the

record adequately supported the ALJ's ultimate findings.  Accordingly, Defendant

is entitled to summary judgment.

**IT IS HEREBY ORDERED:**

    1.  Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

    2.  Defendant's Motion for Summary Judgment (ECF No. 14) is

      **GRANTED**.

    The District Court Executive is hereby directed to file this Order, enter

**JUDGMENT** for **DEFENDANT**, provide copies to counsel, and **CLOSE** the file.

    **DATED** October 8, 2014.

THOMAS O. RICE
United States District Judge